**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**KENNETH JASON BROOKINS**                                                    **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 3:25-cv-205-SA-JMV**

**OXFORD SCHOOL DISTRICT, ET AL.**                                  **DEFENDANTS**

**ORDER DENYING MOTION TO DETERMINE SUFFICIENCY OF DEFENDANTS'**
**RESPONSES TO REQUESTS FOR ADMISSIONS AND**
**DENYING MOTION TO COMPEL**

This matter is before the Court on the pro se Plaintiff's motion to determine sufficiency of Defendants' responses to requests for admissions [Doc. 32], as well as Plaintiff's motion to compel [Doc. 33]. For the reasons that follow, both of the motions are due to be denied.

Pursuant to the Case Management Order [Doc. 12] entered in this case on September 9, 2025, the discovery deadline ran on Monday, March 9, 2026. No motion, timely or otherwise, has been filed to extend the same.

On February 5, 2026, thirty-one days prior to the discovery deadline, Plaintiff propounded his first discovery (Interrogatories, Requests for Production, and Requests for Admission) to the Defendants [Doc. 22]. On February 8, 2026, he submitted amended discovery requests to the Defendant School District. The District served timely responses and objections to the requests on March 6 and March 9, 2026. [Docs. 29, 30, 21]. Plaintiff emailed counsel on those same dates regarding alleged deficiencies in the District's responses and filed the instant motions on March 13, 2026, though not having first received a response from Defendant to his March 6th and 9th emails, nor having, as required by the Case Management Order and Fed. R. Civ. P. 16(b)(3)(B)(v), conferenced by phone first with the Court and counsel.

1

In addition, Plaintiff did not attach to the motion, as required by Fed. R. Civ. P. 37(a)(1), a certification that he had, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Moreover, having been filed after the discovery period was over and without a showing of good cause, the motion to compel violates L.U. Civ. R. 7(b)(2)(C), which requires that "a party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court, and time to effectuate the court's order before the discovery deadline." Finally, the late submission of the instant discovery motions is subject to L.U. Civ. R. 7(b)(11), which provides that "any non-dispositive motion served beyond the motion deadline imposed in the case management order may be denied solely because the motion is not timely served."

All of the foregoing failures are basis on which this Court routinely denies late discovery motions[1], and in the absence of any good cause offered to excuse the same, the Court, in this instance, will similarly deny the instant discovery motions. Provided however, the Court does so without prejudice to Plaintiff reurging his motions should the following all occur:

1) A meritorious motion to extend the discovery deadline is filed and granted[2];

2) Plaintiff submits any alleged deficiencies in the discovery responses to Defendant in writing and allows Defendant a reasonable opportunity to respond to the same;

---

[1] *United States ex rel. Jehl v. GGNSC Southaven LLC*, No. 3:19-CV-91-MPM-JMV, 2021 WL 2637278, at *1 (N.D. Miss. June 25, 2021) (collecting cases); *Pers. v. Ford Motor Co.*, 2011 WL 13157355, at *2 (N.D. Miss. Aug. 11, 2011) (denying as untimely discovery motions filed three days prior to the close of the discovery deadline); *Gueniot-Kornegay v. Blitz U.S.A., Inc.*, 2013 WL 160259, at *1 (S.D. Miss. Jan. 15, 2013) (denying as untimely a motion to compel filed two days prior to discovery deadline); *Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc.*, 2015 WL 4478495, at *3 (S.D. Miss. July 22, 2015) (denying motions to compel filed six-and-eight days prior to discovery deadline); *Funches v. Mississippi Dev. Auth.*, 2018 WL 9878315, at *2 (S.D. Miss. Feb. 27, 2018) (denying as untimely a motion to compel filed four days prior to the discovery deadline).

[2] There is no assurance such motion—even if otherwise meritorious—could be granted depending on other existing deadlines.

3) Then, Plaintiff confers with defense counsel and the Court regarding any unresolved discovery responses; and

4) A certificate of compliance with Local Rule 37(a) (requiring a Good Faith Certificate [Official Form No. 4]) must be filed with any reurged discovery motion(s).

For the foregoing reasons, Plaintiff's motion to determine sufficiency of Defendants' responses to requests for admissions [Doc. 32] and Plaintiff's motion to compel [Doc. 33] are hereby DENIED without prejudice.

SO ORDERED, this the 8th day of April, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**